**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **DANIEL M. ELLIOTT** | § | |
| | § | |
| | § | CIVIL NO._____ |
| **VS.** | § | |
| | § | |
| **DFW COMMUNICATIONS, INC.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1343 (4); 42 Section 2000e - 5(f) and 28 U.S.C. Sections 2101 and 2102. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as "The Civil Rights Act of 1964", 42 U.S.C. Sections 2000e et. seq. The jurisdiction of this Court is invoked to secure protection of and to redress depravation of rights secured by (a) 42 U.S.C. Section 2000e et.seq., providing for relief against discrimination in employment.

### PARTIES

2. Plaintiff, Daniel M. Elliott, in an individual residing in Bexar County, Texas. Plaintiff resided in Longview, Texas during the time of his employment with Defendant.

3. Defendant, DFW COMMUNICATIONS, INC. has continuously been and is now a Texas corporation doing business in the Eastern District of Texas, where it is engaged in the business of operating a communications company. Defendant's registered agent for service is Steve Byard, 501 Duncan Perry Rd., Arlington, TX 76011, where process may be forwarded.

### FACTS

4. Plaintiff was employed with DFW COMMUNICATIONS, INC. in July 2011 in the position of Communication Technician. Plaintiff requested April 15, 2014 off for a religious holy day and

was denied the request despite submitting a letter from his church organization. Plaintiff had been allowed to take off from work for religious holy days in previous years. On April 14, 2014 Plaintiff was given a memo saying that if he did not attend work he would be immediately terminated. Plaintiff did not work on April 15, 2014 and Plaintiff was terminated on April 16, 2014 for failing to work on April 15, 2014. At all times relevant hereto, Plaintiff has been discriminated against by Defendant with respect to compensation, terms, conditions, privileges, and opportunities of employment and has been subject to those illegal acts, practices, and conduct alleged in this Complaint.

5. The unlawful employment practices alleged below were and are being within the Eastern District of the State of Texas.

6. Since at least January 1, 2000, the company has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701 (b)(g)(h) of Title VII, 42 U.S.C. Section 2000e (b)(g)(h). The company has continuously and does now employee more than fifteen (15) persons.

7. Within 180 days of the occurrence of the acts which Plaintiff complains, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission (EEOC) by Plaintiff herein on or about June 13, 2013 against the company.

8. On or about December 12, 2014, Plaintiff received a "Notice of Right to Suit" from the Dallas District office of the Equal Employment Opportunity Commission and was instituted a civil action in the appropriate Federal District Court within ninety (90) days of the date the receipt of said notice.

## VIOLATION OF TITLE VII
### (42 U.S.C. Section 2000e et.seq - Religious Discrimination)

9. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic exclusion of and discrimination against Plaintiff, on the basis of his

religion, Plaintiff has refused to work or report for work on April 15, 2014 by reason of his religious beliefs.  At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic exclusion of and discrimination against Plaintiff by failing to equalize conditions of employment for Plaintiff as contrasted with comparably trained and qualified employees who have chosen not to exercise or express their religious beliefs.

## DAMAGES

10. At the time of his discharge, Plaintiff earned wages, and received benefits from Defendant consisting of medical insurance, life insurance and retirement benefits.

11. Plaintiff would show the court that he has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

12. Plaintiff would further show the court that he is entitled to recover punitive damages for Defendant's intentional and malicious acts as described above toward Plaintiff regarding his employment with Defendant.

13. Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant to 42 U.S.C. § 2000e.

## JURY DEMAND

14. Plaintiff hereby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be entered against Defendant and in favor of Plaintiff:

(a) Requiring that Defendant pay over to Plaintiff the actual, compensatory damages suffered by Plaintiff by reason of Defendant's illegal acts and practices, including adjusted back and front pay, with interest, and additional amount as liquidated

       damages;

(b)    Requiring Defendant pay to Plaintiff damages for mental distress, emotional pain and suffering, inconvenience and loss of enjoyment of life imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

(c)    Requiring Defendant to pay Plaintiff in the nature of punitive damages as a result of Defendant's willful and malicious discrimination against Plaintiff;

(d)    Requiring that Defendant pay to Plaintiff his attorney's fees and costs and disbursements incurred in the prosecution of this suit; and

(e)    such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

\_\_\_/s/_____
William S. Hommel, Jr.
HOMMEL LAW FIRM
State Bar No. 09934250
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF