# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| DANIEL M. ELLIOTT, | § | |
| v. | § | |
| | § | Case No. 2:15-cv-00317-JRG-RSP |
| DFW COMMUNICATIONS, INC. | § | |
| | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant's Objections to the Magistrate Judge's Report and Recommendation Denying Defendants' Motion for Summary Judgment. ("Defendants' Objections") (Dkt. No. 27). Also before the Court is Defendant's Motion for Leave to File Supplemental Evidence ("Motion to Supplement") (Dkt. No. 28).

Defendant, in its Motion to Supplement, requests leave to introduce the 30(b)(6) deposition testimony of Defendant's COO Michael Fordinal. Defendant argues that the Court has discretion to allow it to supplement the summary judgment record with new evidence after weighing: (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted. (Dkt. No. 28 at 2) (citing *Freeman v. County of Bexar*, 142 F.3d 848, 853 (5th Cir. 1998)). Defendant argues its failure to timely supplement is justified because "[t]he deposition was taken on September 9, 2015; DFWC's Motion for Summary Judgment was filed on August 28, [2015]." (*Id.* at 2).

Defendant's Motion to Supplement is **DENIED**. Defendant's failure to timely supplement is not substantially justified. Defendant filed a Reply brief September 28, 2015, almost three weeks after the Fordinal deposition took place, but did not move to supplement at that time. (Dkt. No. 22). Nor did Defendant move to supplement any time before the Magistrate Judge's Report and

Recommendation issued November 10, 2015, two months after the Fordinal Deposition. (Dkt. No. 24). Defendant provides no justification for this delay; thus factors (1) and (3) weigh in favor of excluding the evidence. Further, the omitted evidence carries little importance in the context of the Court's Summary Judgment analysis. At the summary judgment stage "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (U.S. 1986). Thus the relevant question is not whether the movant's position is supported by evidence but whether the evidence that supports the nonmovant is sufficient to establish a genuine dispute of material fact. *Id.* at 247–48. Factor (2) therefore also weighs in favor of excluding the supplemental evidence. The Court finds that the *Freeman* factors weigh against permitting DFW to supplement.

In the Report and Recommendation (Dkt. No. 24), the Magistrate Judge correctly identified material fact disputes on issue of undue hardship and correctly concluded that DFW bears the burden of proof on this issue. *First,* a reasonable jury could conclude that another DFW employee would have been available to voluntarily fill in for Elliot on the day he was absent. *See, e.g.* (Dkt. No. 20 at Ex. A at 31:6-8) ("So was Mr. Mottershaw technically able to handle calls if they came in? A. Yes."); (*Id.* at 32:16-19, 37:12-39:2); (*Id.* at 47:10-48:2) ("Q. So other than those two gentlemen, are you aware of any employee of DFW Communications that was requested to work in Mr. Elliott's place on April the 15th, but they objected? A. No."). *Second*, a reasonable Jury could conclude that being short-staffed for a single day would impose no more than a *de minimus* cost on DFW, relying on the cited testimony that Mr. Mottershaw or another employee could have been available to handle time-sensitive calls.

DFW's Objections fault "[t]he Magistrate Judge's conclusion that any of these three categories of individuals could have been available to perform Plaintiff's job duties on the day in question." (Dkt. No. 27 at 2). Defendant has misapprehended the Report and Recommendation—

the Magistrate Judge correctly declined to engage in fact-finding at the summary judgment stage. Instead, the Magistrate Judge considered whether "viewing the evidence in the light most favorable to the nonmovant, a reasonable jury could find in favor of Elliot." (Dkt. No. 24 at 4). Because there is evidence of record that a reasonable jury could credit to find in favor of Plaintiff, summary judgment is inappropriate.

For the foregoing reasons, upon *de novo* review, the Court agrees with and adopts the conclusions of the Report and Recommendation that Defendants are not entitled to summary judgment. 28 U.S.C. § 636(b)(1)(C); FED.R.CIV.P. 72(b)(3). Accordingly, Defendants' Objections are **OVERRULED** and the Magistrate Judge's Report and Recommendation Denying Defendants' Motion for Summary Judgment (Dkt. No. 24) is hereby **ADOPTED**.

**So ORDERED and SIGNED this 4th day of December, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE